UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTOUR ARISTAKESIAN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>K. HOLLAND, et al.,<br><br>　　　　Respondents. | No. 2:16-cv-00786 JAM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action proceeds on the petition filed on March 18, 2016,[1] ECF No. 1, which challenges petitioner's 2013 conviction for exhibiting lewd material to a minor in violation of Cal. Penal Code § 288.2(a); persuading a minor to model for matter containing sexual material in violation of Cal. Penal Code § 311.4(c); and twenty-eight counts of lewd acts with a child under age 14 in violation of Cal. Penal Code § 288(a). Respondent has answered, ECF No. 17, and petitioner has filed a traverse, ECF No. 21.

## BACKGROUND

I.    Proceedings In the Trial Court

Petitioner initially pled not guilty to the charges against him on June 7, 2013. Then, on

---

[1] See Houston v. Lack, 487 U.S. 266 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

1

October 10, 2013, petitioner entered a no contest plea to all charges. He was sentenced to twenty-four years and eight months on December 13, 2013.

II. Post-Conviction Proceedings

Petitioner timely appealed, and asked the California Court of Appeal, pursuant to People v. Wende, 25 Cal. 3d 436, to review the record and determine whether there were any arguable issues on appeal. On August 25, 2014, the court of appeal issued a decision in which it found several sentencing errors, but affirmed the judgment of conviction. Lodged Doc. 4.

On June 11, 2015, petitioner filed a petition for writ of habeas in the Superior Court of Sacramento County. Lodged Doc. 5. Therein, he argued that: (1) his trial counsel was constitutionally ineffective by failing to conduct an independent investigation and by giving him erroneous advice which compelled him to plead no contest; (2) his appellate counsel was ineffective by failing to raise the deficiencies of his trial counsel on direct appeal; and (3) his Sixth Amendment right to counsel was violated when police secretly recorded a phone conversation between himself and the victim. ECF No. 1 at 64-74.[2] The superior court denied this petition in a written decision on August 5, 2015. Lodged Doc. 6.

Petitioner next filed a habeas petition in the California Court of Appeal, which was summarily denied without citation on October 9, 2015. Lodged Docs. 7 & 8. Petitioner then filed a habeas petition in the California Supreme Court, which was summarily denied on March 9, 2016. Lodged Docs. 9 & 10.

By operation of the prison mailbox rule, the instant federal petition was filed March 18, 2016.[3] ECF No. 1. Respondent answered on August 19, 2016. ECF No. 17. Petitioner's traverse was docketed on October 18, 2016. ECF No. 21.

STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

---

[2] The court notes that the specifics of these claims are raised in a declaration that was appended to petitioner's superior court habeas petition. This declaration is not represented in the lodged documents, but is contained among the exhibits to the current petition.

[3] See supra n. 1.

2

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 562 U.S. 86, 99 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. at 784-785 (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

3

Review under § 2254(d) is limited to the record that was before the state court. <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1398 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. <u>Id.</u> In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." <u>Id.</u> at 1399. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." <u>Frantz v. Hazey</u>, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In <u>Richter</u>, <u>supra</u>, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. <u>Richter</u>, 562 U.S. at 101-102.

## DISCUSSION

### I. Claim One: Ineffective Assistance of Counsel

#### A. Petitioner's Allegations and Pertinent State Court Record

Petitioner contends that his trial counsel rendered ineffective assistance by failing to: (1) conduct an adequate pre-trial investigation; (2) call certain witnesses; and (3) move to suppress petitioner's various confessions. ECF No. 1 at 5-6. He also contends that his appellate counsel rendered ineffective assistance by failing to raise the foregoing ineffective assistance of trial counsel claims on direct appeal. <u>Id.</u> at 5.

#### B. The Clearly Established Federal Law

The clearly established federal law governing ineffective assistance of counsel claims is that set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To succeed on a <u>Strickland</u> claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." <u>Id.</u> at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." <u>Id.</u> at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" <u>Richter</u>, 562 at

4

104 (quoting Strickland, 466 U.S. at 687).

Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. "The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 112.

### C. The State Court's Ruling

The Sacramento Superior Court denied petitioner's ineffective assistance of counsel claim in a reasoned decision:

> To show ineffective assistance of counsel, one must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. (Harris, supra, 5 Cal.4th at 832-833; Strickland v. Washington (1984) 466 U.S. 668, 687-688.) Regarding the reasonableness of counsel's performance, courts are directed to be highly deferential. A petitioner claiming ineffective assistance must overcome a presumption that, considering all of the circumstances, counsel's actions "might be considered sound trial strategy." (Strickland, supra, 466 U.S. at p. 689.) In addition, a petitioner "must also show prejudice flowing from counsel's performance or lack thereof, such that but for counsel's unprofessional errors, the result of the proceeding would have been different." (Ibid.)
>
> Here, Petitioner alleges that his trial attorney failed to conduct an independent investigation and gave him erroneous advice that compelled him to enter his plea. However, Petitioner does not provide any explanation of how an independent investigation would have helped in his defense.
>
> Likewise, he does not state what advice he was given by his attorney, much less explain why that advice was erroneous. Also, Petitioner contends that his trial attorney failed to call important defense witnesses to testify on his behalf. He lists several of his "Christian brothers and sisters," who he claims would have testified as to his character. However, there was no trial in this matter. Thus, there was no opportunity for his counsel to call any witnesses. In addition, it appears that his attorney did present letters from the listed individuals as part of its statement in mitigation before judgment and sentencing. Lastly, he claims his trial attorney should have tried to suppress his numerous confessions, but provides no basis on which this evidence could have been suppressed. Accordingly, he has failed to show that trial counsel performed unreasonably in his case.
>
> As Petitioner has not shown that his trial counsel acted unreasonably or incompetently, his claim that appellate counsel was

> incompetent for failing to recoggnize and challenge trial counsel's
> errors is also without merit.

Lodged Doc. 6 at 1-2.

### D. Objective Reasonableness Under § 2254(d)

#### a. Performance of Trial Counsel

Respondent persuasively argues that petitioner's claims regarding the ineffective assistance of his trial counsel are barred by his guilty plea. A guilty plea[4] breaks the chain of events that preceded it in the criminal process. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Accordingly, once a defendant enters a guilty plea he can no longer raise a claim for a violation of his constitutional rights that arose prior to the plea. Id. Instead, he can only attack the voluntary and intelligent nature of the plea itself. Id.; see also United States v. Benson, 579 F.2d 508, 510 (9th Cir. 1978).

Based on the foregoing, the court finds that petitioner's claims regarding counsel's failure to call certain witnesses or move to suppress his confessions are barred insofar as they have no bearing on the validity of his guilty plea. Additionally, petitioner's claim that counsel failed to conduct an adequate investigation can only succeed if that failure rendered his plea involuntary or unintelligent. Nothing in the petition supports such a finding, however. As the superior court found, petitioner has failed to articulate how an "adequate" or "independent" investigation would have bolstered his defense or caused trial counsel to change his advice regarding the plea. The Supreme Court has held that:

> [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.

Hill v. Lockhart, 474 U.S. 52, 59 (1985). Here, there is no evidence whatsoever to suggest that a more complete investigation of petitioner's friends, who would have testified to his good

---

[4] As noted supra, petitioner entered a plea of no contest to the charges against him. Under California law this is equivalent to a guilty plea. See Cal. Penal Code § 1016; People v. Mendez 19 Cal. 4th 1084, 1094-95 (1999).

6

character, would have altered trial counsel's opinion of the case. This is particularly true where petitioner admits that he confessed to the relevant crimes on multiple occasions. See ECF No. 1 at 6. "Absent an account of what beneficial evidence investigation into any of these issues would have turned up, [petitioner] cannot meet the prejudice prong of the Strickland test." Hendricks v. Calderon, 70 F.3d 1032, 1042 (1995), cert. denied, 517 U.S. 1111 (1996).

Because the state court's denial of the claim was entirely consistent with Strickland principles, relief is barred by § 2254(d) to the extent the claim is not barred by the Tollett doctrine.

### b. Performance of Appellate Counsel

In light of the foregoing analysis, the court cannot find that appellate counsel's performance was constitutionally deficient in failing to raise an ineffective assistance of trial counsel claim. Counsel has no constitutional obligation to raise every frivolous, or even non-frivolous, issue requested by the defendant. Jones v. Barnes, 463 U.S. 745, 751-54 (1983). "In many instances, appellate counsel will fail to raise an issue because she foresees little or no likelihood of success on that issue; indeed, the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). This claim should also be denied.

## II. Claim Two: Pre-Arrest Recording of Petitioner and Victim

### A. Petitioner's Allegations and Pertinent State Court Record

Petitioner contends that his Sixth Amendment right to counsel was violated when police secretly recorded a pre-arrest conversation between him and the victim. ECF No. 1 at 6.

### B. The Clearly Established Federal Law

"The Sixth Amendment right . . . does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." McNeil v. Wisconsin, 501 U.S. 171, 175 (1991) (quoting United States v. Gouveia, 467 U.S. 180, 188 (1984)) (internal quotation marks omitted). "[T]he right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer at which a defendant is told of the formal accusation

against him and restrictions are imposed on his liberty." Rothgery v. Gillespie County, 554 U.S. 191, 194 (2008).

### C. The State Court's Ruling

The superior court rejected this claim in a reasoned decision:

> Petitioner challenges that his Sixth Amendment right to counsel was violated when the police secretly recorded a phone conversation between himself and the victim in December 2012. The Sixth Amendment guarantees the right to counsel at all stages after adversary judicial proceedings have been initiated against him. (*Kirby v. Illinois* (1972) 406 U.S. 682, 688-689.) In this matter the subject recording was made a month prior to the Petitioner's arraignment on January 22, 2013. As criminal proceedings had not begun, there was no right to counsel when the recording was made. Furthermore, Petitioner entered a no contest plea to the charges. Hence, his conviction was based on his change of plea, not on this recorded conversation as he alleges in his petition.

Lodged Doc. 6 at 2.

### D. Objective Reasonableness Under § 2254(d)

The superior court's denial of this claim was reasonable in light of the fact that the recording in question preceded initiation of criminal proceedings against petitioner. Additionally, this claim is barred by Tollett, 411 U.S. at 267, insofar as it does not directly bear on the intelligence or voluntariness of his guilty plea.

## CONCLUSION

For all the reasons explained above, the state courts' denial of petitioner's claims was not objectively unreasonable within the meaning of 28 U.S.C. § 2254(d). Even without reference to AEDPA standards, petitioner has not established any violation of his constitutional rights. Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections,

he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 11, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE